**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4329**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHELTON DEMOND KETTER,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-00851-TLW-1)

───────────

Submitted:  September 28, 2011      Decided:  December 2, 2011

───────────

Before GREGORY, AGEE, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Derek Joseph Enderlin, ROSS AND ENDERLIN, PA, Greenville, South
Carolina, for Appellant.   Carrie Fisher Sherard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Shelton Demond Ketter on two counts of possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006). After a jury trial, Ketter was acquitted of Count One and convicted of Count Two. The court sentenced Ketter to 192 months' imprisonment. Ketter timely appealed.

Ketter's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal, but questioning whether the district court erred by failing to sever Counts One and Two for trial, failing to suppress evidence and statements relevant to Count One, and permitting the collection of a second DNA sample. Ketter filed a pro se supplemental brief reiterating claims raised in the Anders brief.

Turning first to Ketter's claim that the district court erred by refusing to sever Counts One and Two for trial, Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This court

2

reviews de novo whether the initial joinder of the offenses was proper under Rule 8(a). United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14. Id. If joinder was improper, the court "review[s] this nonconstitutional error for harmlessness, and reverse[s] unless the misjoinder resulted in no 'actual prejudice' to the defendants 'because it had [no] substantial and injurious effect or influence in determining the jury's verdict.'" Id. (emphasis in original). Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception. United States v. Hawkins, 589 F.3d 694, 700-01 (4th Cir. 2009). Joinder of multiple charges involving the same statute is "unremarkable." Id. at 702-03 (citing United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (courts routinely allow joinder of bank robbery charges against the same defendant)).

We conclude that joinder of the counts was proper. Both counts charged similar conduct, namely possession of firearms and ammunition by a convicted felon, and occurred only months apart. Accordingly, the charges stemming from each arrest involved conduct of the same or similar character. See United States v. Quilling, 261 F.3d 707, 714 (7th Cir. 2001)

3

(finding joinder proper where counts were temporally related and charged under the same statute).

Since joinder of the counts was proper, Ketter must show that he was clearly prejudiced by the district court's denial of his motion to sever. See Acker, 52 F.3d at 514. The evidence presented at trial in support of Count Two showed that on July 29, 2009, Ketter was shot several times.[*] Police officers found Ketter lying on the ground bleeding, wearing a shirt and boxer shorts, but no pants. A pair of bloody shorts or pants was found nearby. A revolver was sticking out of the shorts or pants, and officers found Ketter's identification and four bullets in the pocket. Ketter admitted that the pants or shorts were his but denied ever owning or possessing the pistol. However, DNA samples taken from the garment and the gun matched Ketter's DNA. Moreover, the district court gave a limiting instruction, informing the jury that it must consider each count separately. The jury apparently followed these instructions because Ketter was found not guilty on Count One and guilty on Count Two. Under these circumstances, we conclude that Ketter cannot show prejudice and that the district court did not abuse its discretion in denying the motion to sever the counts.

---

[*] The parties stipulated that Ketter had a prior conviction punishable by more than a year in prison and that he could not lawfully possess a firearm or ammunition.

4

Next, Ketter argues that the district court erred by refusing to suppress evidence seized and incriminating statements he made pertaining to Count One. However, because Ketter was acquitted on Count One, his claims are moot. Cf. United States v. Moussaoui, 591 F.3d 263, 303 (4th Cir. 2010) (holding that jury's rejection of death penalty rendered moot claim that district court erroneously denied motion for acquittal on death eligibility). To the extent that Ketter argues that the evidence he sought to suppress unfairly prejudiced the jury in regard to Count Two, in light of the overwhelming evidence of guilt as to Count Two, any error was harmless. See Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded.").

Over Ketter's objections, the court permitted the Government to obtain a second DNA sample via a cheek swab because there was no clear chain of custody for the first sample. On appeal, counsel questions the collection of the second cheek swab. It is well established that collection of DNA evidence is not testimonial and therefore does not implicate the Fifth Amendment. Schmerber v. California, 384 U.S. 757, 761-65 (1966). We discern no basis for concluding that the taking of the second sample calls into question the validity of Ketter's conviction.

5

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ketter, in writing, of the right to petition the Supreme Court of the United States for further review. If Ketter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ketter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>